UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVIER SANTA CRUZ,
A-074-794-089,

          Petitioner,

     v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT

          Respondent.

No.  1:26-cv-02389-TLN-DMC-HC

ORDER

Petitioner, an immigration detainee who is proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pending before the Court is Petitioner's petition, ECF No. 1.  "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004); see also 28 U.S.C.S. § 2242.  Because Petitioner has not named the appropriate state officer, Petitioner will be provided leave to amend to correct this technical defect by naming the correct respondent. See Padilla, 542 U.S. at 447.

The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. The petition does not comply with Rule 2(c) of the Federal Rules Governing Section 2254 Cases.  Allegations which are

1

unsupported by a statement of specific facts do not warrant federal habeas relief.  James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).  In order to satisfy Rule 2(c), facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted." Frasier v. Hernandez, 2007 WL 1300063, *3 (S.D. Cal. Apr. 30, 2007).  In the petition, there is insufficient information to determine if Petitioner is entitled to relief. Thus, in the amended petition, Petitioner is directed to provide additional information relevant to Petitioner's claims, such as his entry to the United States, whether he has ever been detained prior to the instant detention, and the circumstances that led to his current detention. Petitioner is warned that failure to comply with this order may result in the dismissal of this action.  See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1.     Petitioner's petition for writ of habeas corpus, ECF No. 1, is dismissed with leave to amend;

2.     Petitioner shall file an amended petition on the form employed by this court, and which names the proper respondent and states all claims and requests for relief, within 14 days of the date of this order; and

3.     The Clerk of the Court is directed to send Petitioner the Court's form habeas corpus application.

Dated:  April 3, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2