UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER SANTA CRUZ,<br>A-074-794-089,<br><br>                    Petitioner,<br><br>          v.<br><br>U.S. IMMIGRATION AND CUSTOMS<br>ENFORCEMENT,<br><br>                    Respondent. | No.  1:26-cv-02389-TLN-DMC-HC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, an immigration detainee who is proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner initiated this action with a pro se petition filed on March 27, 2026.  See ECF No. 1.  On April 3, 2026, the Court dismissed the petition with leave to amend.  See ECF No. 6.  Specifically, Petitioner was directed to name the correct respondent and to include in his amended petition all facts allegedly supporting habeas relief.  See id.  Petitioner was cautioned that failure to comply could result in dismissal of the entire petition.  See id.  Petitioner timely filed a first amended petition on April 27, 2026.  See ECF No. 7.

/ / /

/ / /

/ / /

1

The Court finds that the amended petition continues to fail to meet the applicable standard under Rule 2(c) of the Rules Governing Habeas Corpus Cases under Section 2254, which apply equally to this case. The amended petition continues to fail to name the correct custodial respondent. Further, the amended petition continues to fail to allege facts supporting the relief requested. In particular, Petitioner does not indicate his country of origin, the date he first entered the United States, the date his current detention commenced, or otherwise include facts supporting any cognizable claim for relief. Petitioner merely claims, without any factual support, that he is being detained without due process. See ECF No. 7, pg. 8.

The Court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to follow local rules, see Ghazali, 46 F.3d at 53, failure to comply with an order to file an amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), failure to inform the district court and parties of a change of address pursuant to local rules, see Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), failure to appear at trial, see Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996), and discovery abuses, see Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993).

Here, having considered the above factors and in light of Petitioner's failure to comply with the Court's April 3, 2026, order, the undersigned finds that dismissal of the petition is appropriate.

2

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 1, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE