UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVIER SANTA CRUZ,
A-074-794-089,

                Petitioner,

      v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

                Respondent.

No.  1:26-cv-02389-TLN-DMC-HC

ORDER

Petitioner, an immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the Court is Respondent's motion to lift no transfer order. See ECF No. 11.

Respondent requests that the Court lift the no transfer order issued by the undersigned in ECF No. 10. Respondent contends that Petitioner was ordered removed on May 14, 2026, "Petitioner waived appeal of that order and, thus, he is subject to a final order of removal." ECF No. 11, pg. 1. Respondent argues that Petitioner "cannot challenge his removal . . . [because] Congress has expressly prohibited such challenges." Id. (citing 8 U.S.C. § 1252(g)). Respondent asserts that the instant case is distinguishable from a case where the court declined to lift a no transfer order because here, Petitioner's claims "are without merit" because "Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(2)." Id. (citing Rene Leonel G.O. v.

1

Warden of the California City Detention Facility, No. 2:26-cv-00733-TLN-SCR).

The undersigned finds the District Judge's reasoning in G.O. informative, as the petitioner there was similarly subject to a final order of removal, after waiving appeal. See Rene Leonel G.O. v. Warden of the California City Detention Facility, No. 2:26-cv-00733-TLN-SCR, ECF No. 8-1, pg. 2. Respondents in G.O. made the same argument in support of their motion to lift the no transfer order as Respondent makes here: Petitioner's removal order is final and therefore, the Court lacks jurisdiction to challenge the removal order and petitioner's "detention is mandatory under 8 U.S.C. § 1231(a) during the 90-day removal period," Id. at ECF No. 8, pg. 1. There, the District Judge addressed the merits of the petition, granted the petition, ordered petitioner's immediate release, and dismissed respondents' request as moot. Id. at ECF No. 9.

Thus, the undersigned will deny Respondent's motion, ECF No. 11, without prejudice, and the briefing schedule set in ECF No. 10 remains in place.

IT IS SO ORDERED.

Dated:  June 3, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2